UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN V. READE; JENET M. FOURES, ) | Civil No. 13cv404 L (WVG) |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING** |
| ) | **DEFENDANTS' MOTION TO** |
| v. ) | **DISMISS WITH PREJUDICE [doc.** |
| ) | **#3]** |
| CITIMORTGAGE, INC., and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

On February 20, 2013, Plaintiffs Dan V. Reade and Jenet M. Foures filed this action against Defendant CitiMortgage. After defaulting on their home loan, Plaintiffs are attempting to prevent foreclosure of the property securing their loan and to identify the entity that is entitled to collect on their debt. Defendant now moves to dismiss the Complaint. The motion has been fully briefed and is considered on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1).

**I.     BACKGROUND**

On September 11, 2007, Plaintiffs executed a promissory note in favor of ABN AMRO Mortgage Group, Inc. ("AMRO") in the amount of $405,000.00, secured by a Deed of Trust, to refinance real property located in Santee, California. (Compl. ¶ 32. [Doc. 1].) The Deed of Trust, attached as Exhibit A to the Complaint, named Plaintiffs as Borrowers, AMRO as Lender, and First American Title Insurance Company as the Trustee. (*Id.*)

1    Plaintiffs believe that AMRO sold their loan to a currently unidentified third party.
2 (Compl. ¶ 42.) Plaintiffs allege that this unknown entity is not the Defendant because the
3 original lender, AMRO, never sold, transferred, or assigned the Deed of Trust to the Defendant.
4 (*Id.* ¶ 25, 42.) In addition, Plaintiffs assert that the Defendant failed "to follow basic legal
5 requirements for the transfer of a negotiable instrument to the Trust." (Compl. ¶ 25.)
6 Specifically, Plaintiffs contend that Defendant CitiMortgage never acquired any interest in their
7 note and mortgage because neither the promissory note nor the security instrument, the Deed of
8 Trust, were validly transferred to the Defendant Trust during the securitization process. (*Id.* ¶
9 19, 25.)  As the trust agreement specifies, Plaintiffs' loan must be deposited within the Trust on
10 or before the "closing date." (*Id.* ¶ 45.) "The 'closing date' is the date by which all of the Notes
11 and Mortgages must be transferred into the Unknown Trust if at all." (*Id.*) Plaintiffs allege that
12 no recorded or unrecorded assignment of the original deed of trust was executed either before or
13 after the closing date.  (*Id.* ¶ 46.)
14    At some point, Plaintiffs defaulted on their loan. They do not dispute that money is owed
15 on their mortgage obligation.  (Compl. ¶ 30.) Although they have made payments on the debt,
16 Plaintiffs allege that they have overpaid interest as a result of the Defendant's inaccurate
17 management of their accounts. (*Id.* ¶ 62–65.)
18    On November 2, 2012, Northwest Trustee Services, Inc. recorded a "Notice of Default
19 and Election to Sell Under Deed of Trust" with the San Diego County Recorder's office.
20 (Compl. ¶ 36 & Ex. C.) The Notice of Default is dated October 31, 2012, and signed by Rebecca
21 Hall, who signed on behalf of "Northwest Trustee Services, Inc. as Trustee." (*Id.* ¶ 36, 37.)
22 However, Plaintiffs allege that Rebecca Hall was not authorized by the actual Trustee, First
23 American Title Insurance Company, to execute the document.  (*Id.* ¶ 38, 39.) Accompanying the
24 Notice of Default was a declaration signed by an employee of Defendant CitiMortgage.  (Ex. C.)
25 Plaintiffs allege that at all relevant times, Defendant CitiMortgage was neither the Lender nor
26 the successor in interest under the Note and had no right to record any document relative to the
27 Note and Deed of Trust.  (*Id.* ¶  40.) Plaintiffs also purport to have repeatedly requested
28 Defendant to verify the validity of their debt, but assert that the Defendant has failed to respond.

(*Id*. ¶ 44.)

Plaintiffs verified complaint asserts the following seven claims: (1) declaratory relief; (2) negligence; (3) quasi contract; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (5) violation of California Business and Professions Code § 17200, et seq.; (6) accounting; and (7) cancellation of instrument. Defendant now moves to dismiss the complaint in its entirety with prejudice.

## II.   LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

## III. DISCUSSION

Plaintiffs' primary contention is that the Defendant "is a third-party stranger to the mortgage loan that is secured by a Deed of Trust on their home" because there was no valid or actual assignment of their Promissory Note and Deed of Trust that allowed the Defendant to collect on their debt obligation. (Compl. ¶ 1.) They contend that their loan was never properly assigned, thereby leaving the Defendant with no authority to collect payment, declare a default, or schedule and conduct a sale of the property. (Compl. ¶ 25.)

### A. Applicability of *Gomes*

Plaintiffs contend that the alleged assignment of their loan to the CitiMortgage Trust is improper because (1) neither the Promissory Note nor the Deed of Trust were validly transferred during securitization, and (2) it was not assigned before, or even after, the closing date listed in the Trust Agreement. Furthermore, Plaintiffs argue that the Defendant's collection of the debt and Notice of Default are also improper given that their loan was never properly assigned to Defendant CitiMortgage. The Defendant frames Plaintiffs' argument as an improper and unnecessary "standing" challenge that interferes with the process of a nonjudicial foreclosure proceeding. (Defs.' Mot. 3:5–12.) The Defendant primarily relies on *Gomes v. Countrywide Home Loans, Inc.* 192 Cal. App. 4th 1149 (2011) to argue that no judicial action is required "to determine whether the person initiating the foreclosure process is indeed authorized" to do so. (Def.'s Mot. 3:25–27.)

In *Gomes*, the borrower alleged that the nominee identified on the deed of trust was not authorized to initiate foreclosure proceedings because the owner of the Note did not authorize the nominee to do so. *Gomes*, 192 Cal. App. 4th at 1152. The California Court of Appeal held that a plaintiff does not have a right to bring a legal action to determine if a nominee has the authority to conduct a nonjudicial foreclosure on behalf of a noteholder. *Id.* at 1155. The Court

reasoned that such a speculative lawsuit is not permitted, especially where no "*specific factual basis* for alleging that the foreclosure was not initiated by the correct party" is asserted. *Id.* at 1156 (emphasis in original). Here, Plaintiffs allegation is that the loan was not properly assigned to the CitiMortgage Trust by the closing date as required by the Trust Agreement.

Plaintiffs' argument must fail in light of the valid merger between AMRO and Defendant CitiMortgage. Defendant CitiMortgage is the successor by merger to AMRO, as evidenced by a Certificate of Merger with an effective date of September 1, 2007. (Dft's Ex. B.)[1] With the Certificate of Merger, the loan was transferred to Defendant CitiMortgage when it became the successor to AMRO, the Plaintiffs' original lender. Therefore, no additional or independent assignment or transfer of their loan was required. In light of the valid merger, the Plaintiffs' allegation of an improper loan assignment is insufficient to deny Defendant's motion with respect to this issue.

Furthermore, in their response, the Plaintiffs' argue that the Defendant relies on statutes and case law that have been repealed by the Homeowners Bill of Rights enacted in California on January 1, 2013. (Pl.'s Opp'n 6:20–27.) The foreclosure proceedings initiated against the Plaintiffs began in November of 2012, when the Notice of Default was recorded, prior to the enactment of the statute. As the Defendant points out, the Homeowners Bill of Rights does not apply retroactively to the foreclosure proceedings initiated against the Plaintiffs. *See* Def.'s Reply 3:2–5; *McGough v. Wells Fargo Bank, N.A.*, No. C12-0050, 2012 WL 5199411, at *5 n.4 (N.D. Cal. Oct. 22, 2012). Accordingly, Plaintiffs' argument with respect to this issue also fails.

### B. Improper Securitization

Defendant argues that the Plaintiffs believe they are no longer obligated to pay off their debt because their loan was never properly securitized. (Def.'s Mot. 4:6–7.) A borrower's

---

[1] Defendant CitiMortgage requests judicial notice of the Deed of Trust, Certificate of Merger, and Notice of Default and Election to Sell – all of which have been filed with either the Official Records of San Diego County or the New York Department of State. (Doc. 3–4.) Under Fed.R.Evid. 201, courts may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Accordingly, the Court **GRANTS** Defendant's request and will consider the contents therein.

default or loan obligation is not automatically excused because of an improper securitization. *See Marty v. Wells Fargo Bank*, No. Civ S-10-0555, 2011 WL 1103405, *7 (E.D. Cal. Mar. 22, 2011) (dismissing claims that securitization was an improper conversion that rendered the mortgage and deed of trust unenforceable). Defendant fails however to point to any statement made by the Plaintiffs indicating that they believe they are relieved of their payment obligation. Plaintiffs do not dispute that money is owed on their mortgage; rather, they dispute the amount owed and the identity of the entity that seeks payment. (Compl. ¶ 30.) To the extent Plaintiffs base any of their claims on improper securitization, Defendant's motion will be granted.

### C. Possession of the Note

California Civil Code § 2924, which governs non-judicial foreclosure proceedings under deeds of trust, provides that a "trustee, mortagee or beneficiary or any of their authorized agents" may initiate and conduct the foreclosure process. CAL. CIV. CODE § 2924(a)(1). It is well-established that such foreclosures "can be commenced without producing the original promissory note.*" Nool v. HomeQ Servicing*, 653 F. Supp.2d 1047, 1053 (E.D. Cal. 2009).

The Defendant argues that the Plaintiffs have advanced a "theory that CitiMortgage has no interest in the note or deed of trust because it allegedly is not in possession of the original promissory note." (Def.'s Mot. 5:12–14.) Plaintiffs respond that they have not asserted that physical possession of the note is required to collect under the note. (Pl.'s Opp'n 7:17–20.) However, the Defendant references the complaint which states that the Plaintiffs wish to determine the "holder in due course" of their note and deed of trust. (Def.'s Reply 4:2–4; Compl. ¶ 30.)

Although physical possession of a note is not required to act upon its terms, Plaintiffs' claims do not appear predicated on this theory. Rather, Plaintiffs challenge whether the Defendant has any right whatsoever to act upon their Note and Deed of Trust in light of an allegedly invalid assignment of their loan. But as successor by merger of AMRO, Defendant CitiMortgage has the rights AMRO possessed at the time of the merger which forecloses Plaintiffs' argument. To the extent Plaintiffs' legal theory is premised on physical possession of the Note, Defendant's motion will be granted.

### D. Declaratory Relief

Declaratory relief is not an independent cause of action or theory of recovery. 28 U.S.C. §§ 2201, 2202. Thus, where a substantive cause of action already exists, a plaintiff cannot assert a declaratory relief claim as a "superfluous second cause of action for the determination of identical issues." *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010) (internal quotation marks omitted). The Court must first determine whether there is an actual controversy within its jurisdiction. *Principle Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).

Here, the Defendant argues that "Plaintiffs' declaratory relief claim is duplicative and unnecessary" and is entirely commensurate with the relief sought through their other causes of action. (Def.'s Mot. 7:9–11.) Plaintiffs "seek Declaratory Relief as to whether the Deed of Trust (Mortgage) secured or secures any obligation of Plaintiffs in favor of CitiMortgage and/or the Unknown Trust such that any of them can collect Plaintiffs' mortgage payments..." (Compl. ¶ 50.) It is beyond dispute that Defendant CitiMortgage is the successor by merger to the Plaintiffs' original lender; therefore, it clearly has an interest in the Note and Deed of Trust that entitles it to collect on Plaintiffs' debt obligation. There is no actual controversy substantiating Plaintiffs' claim for declaratory relief. Accordingly, the Court will grant Defendant's motion as to Plaintiffs' claim for declaratory relief.

### E. Negligence

To recover on a theory of negligence, Plaintiffs must show "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). "The existence of a duty of care owed by defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991). Generally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 1096. It follows that "[l]iability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Id.* (quoting *Wagner v. Benson*, 101

Cal. App. 3d 27, 35 (1980)).

Plaintiffs allege that the Defendant owes them "a duty of care because of their unconventional relationship" in that the Defendant is acting as a trustee for a trust rather than Plaintiffs' original lender. (Pl.'s Opp'n 10:22–28.) Because Defendant CitiMortgage did not loan money to them, Plaintiffs argue a traditional lender-borrower relationship does not exist and Defendant owes them a duty of care. (Pl.'s Opp'n 11:15–16.) Plaintiffs cite to *Osei v. Countrywide Home Loans*, 692 F. Supp. 2d 1240, 1249 (E.D. Cal. 2010) for the proposition that a duty of care may be owed "when the lender's activities exceed those of a conventional lender." (Pl.'s Opp'n 11:10–14.) But Plaintiffs reliance on *Osei* is misguided. In *Osei*, the Court considered the allegedly negligent acts of the lender, including a breached duty of care "when it took payments and charged fees to which it was not entitled." *Osei*, 692 F. Supp.2d at 1250. In holding that the plaintiff did not allege a claim for negligence with respect to the collection of payments, the Court reasoned that "until the terms of plaintiff's loan are deemed void, [the lender's] actions to enforce those terms cannot violate any duty." *Id*. Similarly, the Plaintiffs here contend that Defendant CitiMortgage owes them a duty of care because it "is not a lender legally authorized to collect payments from Plaintiffs." (Pl.'s Opp'n 11:28, 12:1.)

Defendant correctly points out that the Plaintiffs "have not and cannot demonstrate that their relationship with CitiMortgage was somehow 'unconventional'" given that CitiMortgage is the successor by merger to their original lender. (Def.'s Reply 5:11–13.) As the successor by merger, Defendant CitiMortgage assumed the role of "lender" from its predecessor. This negates Plaintiffs' argument that a lender-borrower relationship does not exist. They have not alleged facts suggesting that Defendant CitiMortgage went above and beyond the role of a traditional lender. Thus, the Defendant's enforcement of the terms of their loan agreement with respect to collecting payments is within the activities of a conventional lender.

Plaintiffs have not adequately alleged facts suggesting that a duty of care is owed to them by Defendant CitiMortgage. Accordingly, the Court will grant Defendant's motion as to Plaintiffs' negligence claim.

**F.     Quasi-Contract**

A claim for quasi-contract is synonymous with one for unjust enrichment. *FDIC v.*

*Dintino*, 167 Cal. App. 4th 333, 346 (2008). Unjust enrichment requires the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008) (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)). Where a valid express contract exists between the parties, an action based on a quasi-contract claim cannot lie when it purports to cover the same subject matter. *Lance Camper Mfg. Corp. v. Republic Indemnity Co. of America*, 44 Cal. App. 4th 194, 203 (1996).

Defendant argues that Plaintiffs' quasi-contract claim must fail because "there is a 'valid express contract' governing their relationship with CitiMortgage: the note and deed of trust." (Def.'s Mot. 9:3–4.) Plaintiffs respond that this "ignores [their] allegations that the Defendants never acquired an interest in the Note or Deed of Trust and thus are not party to any contract with Plaintiffs." (Pl.'s Opp'n 13:20–24.) Moreover, Plaintiffs content that "Defendants were unjustly enriched at [their] expense by accepting payments that it had no authority to collect." (Pl.'s Opp'n 13:4–5.)

As discussed above, Defendant CitiMortgage has a clear interest in the Plaintiffs' Note and Deed of Trust. As the successor by merger to the original lender, the Defendant assumed the role of AMRO and became a party to the Trust Agreement that governs their relationship with the Plaintiffs. Therefore, Defendant's motion to dismiss Plaintiffs' quasi-contract claim will be granted.

### G.     FDCPA

"The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). As a threshold matter, a defendant must be a "debt collector" within the meaning of the Act in order to be liable for a FDCPA violation. *Id.* at 294.

The FDCPA defines a "debt collector" to include: (1) any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from this definition is any person collecting or attempting to collect "a debt which was not in default at the time it was obtained by such person." 15 U.S.C. §

1692a(6)(F)(iii). Thus, a mortgage servicing company is also excluded from the definition of a debt collector if it acquired the loan before the borrower was in default. *See Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103–04 (N.D. Cal. 2011), *rev'd on other grounds*, 720 F.3d 1204 (2013); *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

Plaintiffs do not allege that the Defendant's principle purpose is the collection of debts under the first definition of a debt collector. Rather, Plaintiffs argue that the Defendant is a debt collector because its "actions as to the Plaintiffs [are] as a Mortgage Servicer collecting payments on behalf of another." (Pl.'s Opp'n 14:22–24.) As a mortgage servicer, the Defendant would only be subject to liability under the FDCPA if it acquired the loan after the Plaintiffs' defaulted. Defendant argues that it is not a "debt collector" within the meaning of the FDCPA because, as the successor by merger to the original lender, it was "impossible for the loan to have been in default at the time CitiMortgage received its interest." (Def.'s Reply 7:1–6.) The Certificate of Merger between AMRO and Defendant CitiMortgage was executed on September 1, 2007. The Plaintiffs did not execute their promissory note until on or about September 11, 2007, meaning they defaulted on their loan obligation at some point thereafter. Because Defendant CitiMortgage acquired its interest in the loan prior to the Plaintiffs' default, it cannot be considered a debt collector within the meaning of the FDCPA.

Furthermore, the Defendant correctly points out that "[f]oreclosure on a property based on a deed of trust does not constitute collection of a debt within the meaning of the FDCPA." *Usher v. Chase Home Fin. LLC*, No. S-10-2202, 2010 WL 4008496, at *4 (E.D. Cal. 2010) (citation omitted).[2] Accordingly, the Court will grant Defendant's motion as to Plaintiffs' FDCPA claim.

**H.    California Business and Professions Code § 17200 (Unfair Competition Act)**

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or

---

[2] While the Ninth Circuit has yet to address whether a foreclosure action constitutes "debt collection" under the FDCPA, many district courts throughout the Ninth Circuit have concluded that is does not. *Ananiev v. Aurora Loan Services, LLC*, No. C12-2275, 2012 WL 2838689, at *4 (N.D. Cal. 2012) (citing to a number of district courts finding that foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA).

fraudulent business act or practice. . . ." Cal. Bus. & Prof. Code § 17200. The UCL is disjunctive, meaning that a claim can be pursued under any or all of the three prongs: unlawful, unfair, or fraudulent. *Berryman v. Merit Prop. Mgmt.*, 152 Cal. App. 4th 1544, 1554 (2007). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Plaintiffs allege that the Defendant violated the UCL by collecting payments on a debt it had no right to. Further, Plaintiffs allege that the Defendant engaged in unlawful business practices by violating the FDCPA.

### 1. Unlawful, Unfair or Fraudulent Conduct

There are three separate and distinct theories of liability under the UCL: business acts or practices that are unlawful, unfair, or fraudulent. *Berryman*, 152 Cal. App. 4th at 1554; Cal. Bus. & Prof. Code § 17200. As a UCL claim is derivative of some other illegal conduct, plaintiffs "must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury*, 14 Cal. App. 4th at 619.

Here, CitiMortgage argues that the "Plaintiffs have not pled the violation of any law on which they could hinge their UCL claim" because it is predicated on their failure to state any other viable claim. (Def.'s Mot. 11:15–17.) Essentially, the Defendant argues that the Plaintiffs have failed to state a UCL claim under the "unlawful" prong. (*Id*. at 12:2–8.) Plaintiffs respond that they have satisfied the unlawful prong by alleging a violation of the FDCPA by the Defendant. (Pl.'s Opp'n 15:17–22.) As discussed above, Plaintiffs have not alleged a cognizable violation of the FDCPA by the Defendant; therefore, Plaintiffs may not proceed with their UCL claim under the unlawful prong.

With respect to the unfairness prong, "where a claim for an unfair act or practice is predicated on public policy,...[that] public policy must be 'tethered' to specific constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003). By merely stating that "it is against public policy and substantially injurious to engage in unfair debt collection practices," Plaintiffs' have not adequately 'tethered' their allegation to any particular provision or policy. (Pl.'s Opp'n 15:24–25.) Moreover, Plaintiffs'

conclusory statement that the Defendant engaged in "unfair debt collection practices" is insufficient to state a claim under the UCL's unfairness prong. Accordingly, Plaintiffs cannot pursue their UCL claim under the unfairness prong.

Finally, the fraudulent prong requires that Plaintiffs plead, with particularity, facts such as who, where, and when any employee or agent of the Defendant engaged in such conduct. FED. R. CIV. P. 9(b); *see Khoury*, 14 Cal. App. 4th at 619. The Plaintiffs argue that they satisfy the fraudulent prong by alleging that "Defendant's business pattern, collecting on a debt it has no right to, is extremely likely to deceive both Plaintiff and the public." (Pl.'s Opp'n 16:4–6.) This conclusory statement does not meet the heightened requirements for pleading a cause of action under the fraudulent prong of the UCL.

### 2. Standing

"[A] person who has suffered injury in fact and has lost money or property as a result of the unfair competition" has standing to bring a UCL claim. CAL. BUS. & PROF. CODE § 17204. Thus, to have standing, "Plaintiffs must have suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent practices." *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, *7 (N.D. Cal. Jan 28, 2011) (citations omitted).

Defendant CitiMortgage argues that Plaintiffs do not have standing to bring a UCL claim because their "own default on their mortgage loan precipitated the commencement of nonjudicial foreclosure...[and] the property has not even been sold at a foreclosure sale yet." (Def.'s Mot. 12:23–25.) The Court disagrees. Plaintiffs allege damages resulting from the Defendant's unlawful collection of payments. These injuries are monetary and may also result in the loss of their property. Given that these injuries are causally connected to the Defendant's alleged conduct, the Plaintiffs have standing to pursue a UCL claim. However, Plaintiffs have not alleged sufficient facts, however, to pursue their UCL claim under any of the three prongs of the statute.

### I. Accounting

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant..., and that some balance is due the plaintiff that can only be

ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). A fiduciary relationship is not required, so long as "some relationship exists that requires an accounting." *Id*. at 179 (citing *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (1950)).

The Defendant argues that "Plaintiffs have not pled the existence of a special relationship with CitiMortgage" which requires an accounting. (Def.'s Mot. 13:24–25.) The Defendant further argues that Plaintiffs have not alleged facts to show that some balance is due to them from CitiMortgage. (*Id*. at 14:1–3.) In response, Plaintiffs reiterate that the Defendant has no right to collect payments from them and that they "do not know and could not know without an accounting, the balance due from Defendant because of the structure of the misrepresented relationship." (Pl.'s Opp'n 17:1–10.)

As discussed above, the Plaintiffs' argument fundamentally turns on whether Defendant CitiMortgage ever acquired an interest in their loan. As the merger of AMRO into CitiMortgage eradicates this argument, Plaintiffs have failed to state sufficient facts that would give rise to their accounting claim. Accordingly, the Court will grant Defendant's motion as to Plaintiffs' accounting claim.

### J. Cancellation of Instruments

A request for the cancellation of an instrument such as a deed of trust is an equitable remedy that is dependant upon a substantive basis for liability and has no separate viability. *See e.g.*, *Bridgeman v. U.S.*, No. 2:10-cv-01457, 2011 WL 221639, at *17 (E.D. Cal. Jan. 21, 2011); *Yazdanpanah v. Sacramento Valley Mortgage Group*, No. C09-02024, 2009 WL 4573381, at *6 (N.D. Cal. Dec. 1, 2009) (quoting *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000)). Thus, the viability of a cancellation of instruments cause of action turns on the Plaintiffs' other claims for relief.

Plaintiffs request cancellation of the Notice of Default that was recorded with the San Diego County Recorder's Office on November 2, 2012. (Compl. ¶ 130.) Plaintiffs contend that because the Defendant has no right to undertake the benefits conferred by the Note and Deed of Trust, the recording of the Notice of Default "was without legitimacy, force or effect." (Compl. ¶ 133.) Defendant CitiMortgage argues that because the Plaintiffs' other claims for relief should

be dismissed, so should their claim for cancellation of the Notice of Default. (Def.'s Mot. 14:11–15.) The Court agrees. As discussed above, Plaintiffs have failed to allege sufficient facts to state a claim under any of their causes of action. Accordingly, Defendant's motion as to Plaintiffs' cancellation of instruments claim will be granted.

## IV.  LEAVE TO AMEND

All of Plaintiffs' claims are premised upon their faulty belief that CitiMortgage has "no ownership interest, established by contract – the Note and supporting Deed of Trust that secures the Note – entitling them to collect payment, declare a default, or schedule and thereafter conduct a trustee's sale of their property." (Comp. at ¶ 1.) But as discussed above, based on the September 1, 2007 effective date when Defendant CitiMortgage became the successor by merger to AMRO, all of Plaintiffs' claims are foreclosed. Thus, the Complaint will be dismissed with prejudice because amendment would be futile.

## V.  CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss the Complaint with prejudice. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: November 7, 2013

                                                                                          _____
                                                                                          M. James Lorenz
                                                                                          United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL